NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
SHARIFF TURNER,                     :
                                    :
             Petitioner,            :
                                    :
     v.                             :   Civil Action No. 10-3665 (JAP)
                                    :
UNITED STATES OF AMERICA            :   **OPINION**
                                    :
             Respondent.            :
_____:

PISANO, District Judge:

This matter comes before the Court upon Petitioner's Motion to Stay his 28 U.S.C. § 2255 Habeas Petition. Turner's Petition arises out of his sentencing in the District of New Jersey, criminal docket number 08-0009. Turner alleges that his counsel in this proceeding was ineffective for failing to object to or appeal his classification as a career offender for sentencing purposes pursuant to U.S.S.G. § 4B1.1. This classification was based on three undisputed New Jersey state drug convictions. Underlying Turner's federal ineffective assistance claim is his assertion that his counsel in the state drug convictions was also ineffective. Petitioner represents in the instant Motion to Stay that he is currently seeking vacatur of those state court convictions, and that therefore his Habeas Petition should be stayed pending the outcome of those proceedings. For the following reasons, the Court finds that a stay is not the appropriate form of relief, and that rather this Petition must be dismissed.

   I.   Background

Petitioner Shariff Turner entered a plea of guilty on September 11, 2008 to a one-count

Information charging him with conspiracy to distribute, and possession with intent to distribute, a quantity of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. According to Turner's pre-sentence report, he qualified as a career offender pursuant to U.S.S.G. § 4B1.1, based on three prior drug convictions in state court. PSR ¶¶ 62-68. He was sentenced on August 3, 2009 to 110 months of imprisonment, which was a downward variance from the guideline range of 151 to 188 months. On August 2, 2010, Turner filed a Petition for habeas corpus relief under 28 U.S.C. § 2255, alleging ineffective assistance of counsel under the standard set by *Strickland v. Washington*, 466 U.S. 668, 689 (1984). He alleges that his attorney was ineffective for failing to object to or appeal his designation as a career offender under the sentencing guidelines, despite his explicit instructions to file an appeal.

II.     **Motion to Stay**

Petitioner filed the instant Motion to Stay because he is currently seeking vacatur of the three state-court convictions underlying the sentence enhancement that is the subject of his Habeas Petition. He asserts that his counsel in those state-court cases was also ineffective for failing to inform him of the collateral consequences of his conviction; namely, the consequence that he would be classified as a career offender if convicted of future federal crimes. Petitioner cites *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), in support of his contention that counsel must inform defendants of the collateral consequences of their conviction. Although he notes that his challenge of the state convictions makes the Habeas Petition "not yet ripe," Pet'r's Br. 4, he believes that his Petition must remain open as a "placeholder" so that the statute of limitations does not run out. Pet'r's Br. 3 (citing *Johnson v. United States*, 544 U.S. 295, 302 (2005)).

A defendant may apply for reopening of a federal sentence upon his successful challenge to an underlying state conviction. *Johnson*, 544 U.S. at 303; *Daniels v. United States*, 532 U.S.

374, 382 (2001). *Johnson v. United States* held that "state-court vacatur is a matter of fact for purposes of the limitation rule." 544 U.S. at 302. Thus, Turner's concern about the statute of limitations giving rise to a need for a "placeholder petition" is unfounded. Accordingly, the appropriate remedy in light of his challenge to the underlying state-court convictions is dismissal of his Petition, without prejudice to his ability to re-file a Petition upon his success in overturning the convictions that resulted in the sentence enhancement.

### III.   Habeas Petition

Turner's original Habeas Petition is based on ineffective assistance of counsel in the federal sentencing, and it explicitly does not rely on the invalidity of the state-court convictions. Pet'r's Br. 7 ("To be clear, Turner is not challenging the prior crimes or his plea agreement. He is responsible for the offense. It is the *use* of these prior convictions due to ineffective assistance of counsel.") Therefore, the original Petition must be dismissed with prejudice. Turner cites case law on the importance of filing appeals, particularly on the point that it must be the client, and not his attorney, who decides whether or not to appeal. *See* Habeas Petition 3-5. However, in light of the undisputed prior convictions that formed the basis of the sentence enhancement, the Court finds that he was not prejudiced by the failure to appeal his sentence.

It may have been unreasonable under the first *Strickland* prong for Turner's counsel to decline to appeal the career offender designation if he had been given explicit instructions to do so by his client. *Hodge v. United States*, 544 F.3d 372, 381-82 (3d Cir. 2009) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)); *Velazquez v. Grace*, 277 Fed. Appx. 258 (3d Cir. 2008). *See Padilla*, 130 S.Ct. at 1482 ("Under Strickland, we first determine whether counsel's representation 'fell below an objective standard of reasonableness.'") (quoting *Strickland*, 466 U.S., at 688). However, the guaranteed failure of such an appeal makes it impossible for Turner

to demonstrate prejudice as required by the second *Strickland* prong.  *See Padilla* 130 S.Ct. at 1482 ("Then we ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'") (quoting *Strickland*, 466 U.S., at 694).  The Supreme Court in *Flores-Ortega* considered the totality of the circumstances when determining whether the failure to file an appeal prejudiced a defendant, including whether or not there were "non-frivolous grounds for appeal."  *Hodge*, 544 F.3d at 381 (quoting *Flores-Ortega*, 528 U.S. at 485).  Turner bases his challenge to the underlying state convictions on *Padilla v. Kentucky*, which had not yet been decided at the time he allegedly requested that his attorney appeal his federal sentence.  The prior convictions were undisputed at that time, making a successful appeal of his classification as a career offender impossible.  Therefore, if there is any prejudice to Turner, it lies in the invalidity of the underlying state-court convictions.  Should Turner be successful in vacating those convictions, he may yet seek relief from his federal sentence enhancement.  *Johnson*, 544 U.S. at 303; *Daniels*, 532 U.S. at 382.

## IV.   Conclusion

For the foregoing reasons, the Petitioner's Motion to Stay is denied, and his Habeas Petition is dismissed.  The aspect of Turner's Petition challenging the career offender sentence enhancement due to the alleged invalidity of the underlying state-court convictions is dismissed without prejudice; he may file a new Petition upon successful vacatur of those state-court convictions.  The aspect of Turner's Petition alleging ineffective assistance of counsel in his federal sentencing is denied with prejudice.  An appropriate Order follows.

/s/ Joel A. Pisano_____
JOEL A. PISANO, U.S.D.J.

Dated:  January 19, 2012